IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**PROGRESSIVE NORTHWESTERN**
**INSURANCE COMPANY,**

    **Plaintiff,**

vs.                   Civ. No.  05-817 JH/ACT

**WEED WARRIOR SERVICES and**
**BRENDA ETCHEVERRY,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

   This is an insurance coverage case in which the Plaintiff, Progressive Northwestern Insurance Company ("Progressive") seeks a declaratory judgment as to the parties' rights and responsibilities under an automobile insurance policy.  Presently, the case is before the Court on *Progressive Northwestern Insurance Company's Motion for Summary Judgment* [Doc. No. 12].  The sole issue presented by the motion is whether the amount due to the insured, Brenda Etcheverry ("Etcheverry"), under the uninsured motorist coverage portion of the insurance policy should be offset by the amount of liability insurance proceeds Etcheverry received from the tortfeasor.  Because the Court concludes that New Mexico law requires such an offset, Progressive's motion for summary judgment will be granted and declaratory judgment will be entered in favor of Progressive.

## BACKGROUND

   The facts in this case are undisputed.  Progressive issued a commercial automobile insurance policy ("the policy") to Defendant Weed Warrior Services, under which Etcheverry was a named driver.  The policy provided $100,000 in uninsured/underinsured motorist ("UM/UIM") coverage for

each accident.[1]  On September 26, 2000, Etcheverry was involved in a motor vehicle accident with another motorist.  Although the precise amount of Etcheverry's damages is unknown, she alleges that they are in excess of one million dollars.  At the time of the accident, the other motorist (who is the alleged tortfeasor) was insured by GEICO for bodily injury liability up to $100,000.  GEICO paid the full policy limits of $100,000 to Etcheverry, who then turned to Progressive in order to claim her full UM/UIM policy limits of $100,000.

## **DISCUSSION**

The sole question before the Court is the proper calculation of the amount due to Etcheverry under the UM/UIM provision of the policy.  Progressive argues that under New Mexico law[2], it is entitled to offset GEICO's $100,000 liability payment from its $100,000 UM/UIM policy limits, leaving Progressive with no obligation to Etcheverry.  Defendants, in turn, argue that they have purchased $100,000 in UM/UIM coverage, that Etcheverry's damages exceed this amount, and to apply the offset would result in a windfall to Progressive.

The issue presented by this case in which the alleged tortfeasor was underinsured (as opposed to uninsured) has been discussed by the New Mexico Supreme Court in *Schmick v. State Farm Mut. Auto. Ins. Co.*, 103 N.M. 216, 222, 704 P.2d 1092, 1098 (1985):

> We observe that the Legislature, in defining an underinsured motorist, set the minimum and maximum on the amount an insured can collect from his underinsured motorist insurance carrier. *See* § 66-5-301(B). Our statute provides a specific formula by which to compute whether one was underinsured and by what amount. *Id.* The formula is the

---

[1] Progressive insured two vehicles under the policy for which Etcheverry is a named driver.  However, the parties have stipulated that the two UM/UIM coverages are not stackable.

[2] Because this Court sits in diversity, it must apply New Mexico law.  Neither party disputes that the case is governed by the law of New Mexico.

> criterion to be used in determining underinsurance benefits due and it defines the parameters within which recoveries must stay. Therefore, *an insured collects from his underinsured motorist carrier the difference between his uninsured motorist coverage and the tortfeasor's liability coverage or the difference between his damages and the tortfeasor's liability coverage, <u>whichever is less</u>.*

*Id*. (emphasis added).  The New Mexico Supreme Court then rejected the argument, also advanced by the Defendants in this case, that New Mexico's underinsured motorist statute neither requires nor authorizes policy proceeds to be offset by the amount of the tortfeasor's liability insurance coverage. In so doing, the Supreme Court turned to the statutory definition of an underinsured motorist as "an operator of a motor vehicle with respect to the ownership, maintenance or use of which the sum of the limits of liability under all bodily injury liability insurance applicable at the time of the accident is less than the limits of liability under the insured's uninsured motorist coverage."  NMSA 1978, § 66-5-301(B).  Thus, the Supreme Court held that an offset is inherent in the statutory definition of uninsured motorist coverage.  *Id*. at 223. This is because "the intent of the Legislature was to put an injured insured in the same position he would have been in had the tortfeasor had liability coverage in an amount equal to the uninusured/underinsured motorist protection purchased for the insured's benefit."  *Id*. at 219.

Thus, applying the formula set forth by the New Mexico Supreme Court in *Schmick*, the Court must compare (1) the difference between Etcheverry's uninsured motorist coverage and the tortfeasor's liability coverage, which is $0 because both are $100,000; with (2) the difference between Etcheverry's damages and the tortfeasor's liability coverage, which is some amount greater than $0, but not to exceed the $100,000 in underinsured motorist coverage purchased for Etcheverry's benefit. Under *Schmick*, Etcheverry is entitled to receive the lesser of these amounts, which is $0.

The cases cited by the Defendants are distinguishable and do not alter this result. In *Continental Ins. Co. v. Fahey*, 106 N.M. 603, 747 P.2d 249 (1987), the New Mexico Supreme Court held that an insurer was not entitled, under the provisions of its uninsured motorist policy, to offset from any amount due the amount paid to the insured under its separate workers' compensation policy. The Court did not address the question presented here, which is whether the tortfeasor's own liability coverage should be offset against the UIM policy. Rather, the *Fahey* court recognized that in order to protect "the right of an injured worker to recover full compensation for his or her damages, the legislature included a provision dealing with the worker's recovery from a third party tortfeasor. *See* § 52-1-6(D). It was never intended that the worker's compensation award would preclude Fahey or any other injured worker from seeking and receiving full or additional compensation from whatever other sources might be available." *Id*. at 606. The *Fahey* court thus distinguished worker's compensation awards from those made to victims of underinsured motorists. *Id*. ("It is immaterial that the motorist was also a workman protected by workers' compensation. The coverages are discrete and independent, and premiums were paid for both."). Defendants also rely upon *Fickbohm v. St. Paul Ins. Co.*, 2003-NMCA-040, 133 N.M. 414 (Ct. App. 2002). However, the Court can find nothing in *Fickbohm* that aids Defendants' argument.

Finally, Defendants request that, as an alternative to granting Progressive's motion for summary judgment, this Court certify to the New Mexico Supreme Court the issue of whether to apply the offset discussed above. Because the Court concludes that the New Mexico Supreme Court has clearly answered the issue in *Schmick*, Defendants' request will be denied.

**IT IS THEREFORE ORDERED** that *Progressive Northwestern Insurance Company's Motion for Summary Judgment* [Doc. No. 12] is **GRANTED**, and final declaratory judgment will

4

be entered in favor of Progressive on its Complaint.

                                                _____
                                                **UNITED STATES DISTRICT JUDGE**