IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**PROGRESSIVE NORTHWESTERN**
**INSURANCE COMPANY,**

        **Plaintiff,**

vs.                                                Civ. No.  05-0817 JH/ACT

**WEED WARRIOR SERVICES and**
**BRENDA ETCHEVERRY,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on *Progressive's Motion for Reconsideration* [Doc. no. 42], filed August 27, 2007.  In this motion, Plaintiff asks the Court to reconsider its decision entering an Amended Partial Declaratory Judgment and permitting Defendants to amend or supplement their response to Plaintiff's motion for summary judgment [Doc. no. 39, filed August 14, 2007]. "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted).  Because the Court concludes that Plaintiff's motion to reconsider does not meet any of these criteria, it will be denied.

## BACKGROUND

On September 25, 2006, this Court entered an order [Doc. no. 21] granting Plaintiff's Motion for Summary Judgment and its Motion for Declaratory Judgment.  Defendants claim that their previous attorney never informed them that Plaintiff had filed a declaratory judgment action against them or a motion for summary judgment on that action, and that they only discovered the entry of

judgment after the fact when calling their attorney, yet again, to check on the progress of their case. After discovering the judgment against them, Defendants immediately retained a new attorney who filed a motion to amend the declaratory judgment and to amend their summary judgment response [Doc. no. 23]. This motion did not seek to challenge the ruling of the Court on the primary question actually argued and decided against them, namely whether Plaintiff is entitled to offset Defendants' recovery from a tortfeasor against Defendants' underinsured motorist ("UM") policy limits. Rather, the motion sought to enable Defendants to argue that their UM policy limits should be reformed, a claim that their initial attorney failed to raise and that was not argued prior to the initial decision.

On August 14, 2007, this Court heard oral arguments on Defendants' motion and granted the motion because of Defendants' counsel's failure to notify them of the lawsuit or to consult with them regarding its defense, and Plaintiff's failure to demonstrate unfair prejudice if the Court granted the motion [Doc. no. 38]. Accordingly, the Court amended its initial Declaratory Judgment Order in accordance with its ruling [Doc. no. 40]. On August 27, 2007, Plaintiff filed a motion asking this Court to reconsider its ruling [Doc. no. 42].

## DISCUSSION

Defendants' initial motion to amend this Court's declaratory judgment and to amend their summary judgment response [Doc. no. 23] cited both Fed. R. Civ. P. 59(e) and 60(b). Although Defendants' motion was timely filed under Rule 59(e),[1] the Court did not grant the relief Defendants

---

[1] Under Fed. R. Civ. P. 59(e), a motion to alter or amend a judgment must be filed no later than ten days after entry of judgment. The declaratory judgment that is the subject of this motion was entered on September 25, 2006 [Doc. no. 21]. The Defendants filed their motion to amend on October 10, 2006 [Doc. no. 23]. Under Fed. R. Civ. P. 6(a), when the period of time allowed for a filing is less than eleven days, intervening Saturdays, Sundays, and legal holidays are excluded. Fed. R. Civ. P. 6(a) names Columbus Day as a legal holiday. In 2006, Columbus Day fell on October 9. Thus, excluding the intervening Saturdays, Sundays, and Columbus Day, the

sought under that rule, given the circumstances of this case. Defendants sought to contest for the first time that their UM coverage was greater than the $100,000 reflected in the declaratory judgment, and they sought to present new evidence and additional arguments in order to do so. However, Rule 59(e) is aimed at reconsideration of issues already litigated, not initial consideration of them. *See Servants of the Paraclete v. Great Am. Ins. Co.*, 866 F. Supp. 1560, 1581 (D. N.M. 1994). As a matter of law, a party may not use Rule 59(e) to raise legal arguments that it could have raised prior to a court issuing its judgment. *See id. See also Steele v. Young*, 11 F.3d 1518, 1520 n.1 (10th Cir. 1993) ("Rule 59(e) cannot be used to expand a judgment to encompass new issues which could have been raised prior to issuance of the judgment."). This rule applies to cases involving summary judgment as well as those involving judgment after trial. *See Buell v. Security Gen. Life Ins. Co.*, 784 F. Supp. 1533, 1536 (D. Colo. 1992), aff'd, 987 F.2d 1467 (10th Cir. 1993), cert. denied, 126 L. Ed. 2d 255, 114 S. Ct. 308 (1993) ("A party cannot invoke Rule 59(e) to raise arguments or evidence that could and should have been presented during the summary judgment process.").

Nevertheless, the Court believes that Defendants should not be punished for their prior counsel's gross negligence and that the Court should have the opportunity to fully consider the facts and law on the UM coverage issue before entering final judgment. The Court has wide latitude under Fed. R. Civ. P. 60(b)(6) to vacate judgments when such action is appropriate in the furtherance of justice.[2] *See Fleming v. Gulf Oil Corp.*, 547 F.2d 908, 912-913 (10th Cir. 1977)

---

motion was filed within 10 days and therefore timely.

[2] A number of 10th Circuit opinions state that motions filed within 10 days of an entry of judgment should be treated as Rule 59(e) motions regardless of how they are styled. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997); *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995). However, *Jennings v. Rivers*, 394 F.3d 850, 855 (10th Cir. 2005) explains that "the practice of construing posttrial motions as Rule 59(e) motions was not designed to constrain a district court's substantive analysis of a postjudgment motion," and that courts should evaluate motions filed within 10 days of judgment based on the reasons expressed by the movant, not the

(citing *Klapprott v. United States,* 335 U.S. 601, 614, 93 L. Ed. 266, 69 S. Ct. 384 (1949)). The Tenth Circuit has stated that "the rule should be liberally construed when substantial justice will thus be served." *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006). This is especially pertinent in light of the Circuit's policy favoring hearings on the merits prior to a final decision. *See United States v. Berney*, 713 F.2d 568, 570 (10th Cir. 1983); *Davis v. Operation Amigo*, 378 F.2d 101, 103 (10th Cir. 1967). This is not a matter of giving the Defendants a proverbial second bite at the apple, but rather granting them an opportunity to present the merits of their claim for the first time, and for the Court to make its decision on those merits.

The Court recognizes that parties must generally live with the decisions and actions of their counsel. The Court also recognizes that there can a fine line between strategic decisions not to seek client input on strategy or not to pursue certain colorable claims and inexcusable negligence. This case appears to fall on the side of that line counseling relief. Defendants' previous attorney did not inform them that a declaratory judgment action and summary judgment motion had been filed against them, did not do any factual development relating to their policy limits, and failed to make an argument concerning their UM policy limits when the state of the law in that area was unsettled at best. Nothing indicates that these actions by the Defendants' previous attorney were "strategic decisions," and such gross negligence on his part should not preclude the diligent and blameless Defendants from litigating their claim on the merits. This is particularly so where Defendants appear to have a strong claim on their UM coverage argument and where they petitioned the Court promptly upon discovering their previous attorney's failures.

In its motion for reconsideration, Plaintiff for the first time cites *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed.2d 734 (1962) as precluding relief in a case of unexcused

---

timing of the motion. In their motion, Defendants explicitly sought relief under Rule 60(b) and on grounds covered by that rule, and the Court therefore evaluates it as a Rule 60(b) motion.

attorney conduct. This Court reads *Link* as providing a basis for denial of relief in a court's discretion, but not as requiring such a denial. Indeed, the *Link* court expressly declined to discuss whether it would have decided the case differently in the context of a motion under Rule 60(b). *See id.*, 370 U.S. at 636-37. Numerous cases decided since *Link* have found that Rule 60(b)(6) provides the authority for a court to reopen a judgment in the event of gross negligence by a party's counsel where the party has not participated in the transgression. *See Community Dental Servs. v. Tani*, 282 F.3d 1164 (9th Cir. 2002) and its list of cases cited therein.

The Court reiterates its determination that Plaintiff will not suffer unfair prejudice if Defendants are allowed to pursue their claim that their UM coverage limit is greater than $100,000. While Plaintiff would undoubtedly prefer not to have to litigate the merits of Defendants' claim, in this context, prejudice would require a showing that reopening the judgment would create undue difficulty for Plaintiff in contesting Defendants' claims because evidence would be lost, destroyed, or more difficult or costly to obtain. That is not the case here, where most of the evidence should be within Plaintiff's control and the Defendants' motion was filed within 10 days of the declaratory judgment. Plaintiff is in no worse of a situation now with respect to defending against Defendants' claim than if Defendants' attorney had properly brought the claim before the declaratory judgment.

Finally, the Court wishes to make clear that in reopening the judgment, it is not endorsing Defendants' claim that Plaintiff breached a duty or misled the Court by not acknowledging the unsettled state of the law regarding UM coverage when seeking summary judgment. Nonetheless, Judge Browning's opinion in *Farm Bureau Mutual Ins. Co. v. Jameson*, No. CV 05-1080 JB/WPL (Nov. 1, 2006) found that the court's decision with respect to UM coverage should be applied retroactively because it does not establish a new principle of law, but rather that it was foreshadowed by New Mexico statutes and prior New Mexico Supreme Court rulings. In fact, the opinion noted that many insurance companies in New Mexico were already using forms that would comply with

the court's findings. Although *Farm Bureau* is not a change in controlling law, and would not provide grounds to reopen this Court's judgment had the claim been fully litigated initially, it does strongly call into question Plaintiff's contentions that no New Mexico case law supported Defendants' position on UM limits [Doc. 28 at p. 12] and that Defendants' cause of action did not exist when they initially filed suit [Doc. 55 at p. 3]. It also further demonstrates the great harm suffered by Defendants when their counsel failed to consult with them or to file a claim that was clearly warranted, and further convinces this Court that justice would be served by providing Defendants with a hearing on the merits of their claim.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff *Progressive's Motion for Reconsideration* [Doc. No. 42] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**